UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ERNEST POPE | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:07-CV-02 |
| | ) | |
| ROBERT WILLIAMS, Prison Doctor; | ) | |
| JERRY HAYES, Director, Medical Svcs. | ) | |

## **MEMORANDUM and ORDER**

Ernest Pope, an inmate in the custody of the Tennessee Department of Correction [TDOC], has filed this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging the violation of rights secured to him by the Eighth Amendment to the United States Constitution. He also asserts claims for medical malpractice under state law. The defendants are Robert Williams, a physician at the Northeast Correctional Complex [NECX], where plaintiff is confined, and Jerry Hayes, NECX's Director of Medical Services.

Plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

To ensure compliance with the assessment procedures outlined above, the Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the NECX and to TDOC Commissioner George Little.

The complaint raises claims for the denial of medical care, including prescribed medications. More specifically, plaintiff claims that, in May of 2006, he was taken to the Johnson County Health Center Emergency Room for back pain, where he was given X-rays, diagnosed as having rheumatoid arthritis, fluid build-up, and a bulging disk, and was prescribed three medications. When he returned to prison, however, he was denied those medications.

On July 16, 2006, plaintiff, who again experienced back pain, was moved to the prison infirmary and given a couple of injections. Four days later, he saw defendant physician Robert Williams, who asked him some questions and then pressed hard on the sore spot on plaintiff's back. Plaintiff moved *forward* because of the pain—not *away* from Dr. Williams. Apparently adhering to the latter perception of plaintiff's movement, defendant doctor asked plaintiff, "If you're not going to let me examine you, then what ...are you doing here?"

---

[1] Payments should be mailed to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

When plaintiff responded that his back hurt where defendant mashed it, defendant exclaimed that the only way that [mashing on his back] would hurt was if plaintiff's back were broken. Defendant then said that he was "done," told plaintiff to leave, and informed the medical staff not to treat plaintiff because he had refused treatment. Plaintiff insists that at no time did he refuse medical treatment.

On that same date, plaintiff filed a grievance complaining about the above incident. Defendant Jerry Hayes, the Director of NECX's Medical Services, responded to the grievance as follows:

> On 7/21/06, patient presented on sick call with lower back pain. Patient was referred to doctor that same day. patient was escorted to medical for doctor to examine. patient stated to doctor the medication helps tremendously, but have run out and that he had not been doing any stretching or toning exercises. Doctor then goes to evaluate patent and when doctor touches patient he cries out in pain and moved away. When doctor explained that he needed to exam him to help him. Patient turned to the officers and said, "I'm done" and asked to be taken back to his cell. Doctor noted that he was unable to assess patient as he refused to allow examination.
>
> Patient is advised to allow and follow doctor's advise [sic]. If patient is still experiencing any medical issues or concerns, he needs but to sign up on sick call. [Compl., Exh. 1, Response, dated Aug. 4, 2006 to Grievance # 00182035].

It is plaintiff's position that defendant Hayes did not fully investigate the incident, but merely echoed defendant Williams' version of the events, without talking to plaintiff or other medical personnel to get the other side of the story. Plaintiff maintains that defendant Hayes' action or inaction with respect to his grievance has hindered him from seeking further medical care.

3

Plaintiff asserts that defendants' conduct violates the Eighth Amendment. He first alleges that defendant doctor showed deliberate indifference to his medical condition by refusing him medication prescribed by the Emergency Room physician, by misinterpreting his reaction to defendant's pressing on his back as a refusal of treatment, and by instructing the medical staff not to treat him.

Plaintiff next maintains that defendant Hayes' failure to investigate the facts underlying his grievance, which "bolstered Defendant Williams to continue his reckless methodology,"(whatever that means) likewise constituted deliberate indifference to his medical needs.

Finally, plaintiff contends that defendants' conduct demonstrates a breach of their respective duties to render reasonable care or to ensure that he received reasonable care and amounts to medical malpractice under state law. For these alleged violations of federal and state law, plaintiff seeks declaratory, injunctive, and monetary relief.

The Court must now screen the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

Punishments that involve the unnecessary and wanton infliction of pain are proscribed by the Eighth Amendment. Deliberate indifference to the serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A

4

claim such as this is composed of two components: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires a showing of a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id*. However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106. Finally, a divergence of medical opinion regarding treatment does not amount to deliberate indifference. *Shofner v. Comacho*, 2000 WL 1359633, at*2 (6th Cir. Sept. 14, 2000) (citing, *inter alia*, *Estelle*, 429 U.S. at 107).

Plaintiff's contention that he was denied medications is somewhat problematical. In his complaint, plaintiff maintains that he was denied medications prescribed by the Emergency Room physician and, in his grievance, that the doctor told the medical staff that, due to the costliness of medications, plaintiff would not receive them. However, in the grievance response, it is reported that plaintiff "stated to doctor the medication helps tremendously, but [I] have run out." The Court cannot discern, on the facts as they appear in plaintiff's filings, whether plaintiff is asserting that he was denied medications entirely;

whether he initially was given the prescribed medications, but ran out of them; whether they never were dispensed because of the expense; or whether something entirely different occurred. Of course, if the situation is one involving a disagreement about diagnosis or a difference of opinion between the E. R. doctor and the prison doctor, this would not be a constitutional matter. *Shofner v. Comacho*, 2000 WL 1359633, at*2 (6th Cir. Sept. 14, 2000) (citing, *inter alia*, *Estelle*, 429 U.S. at 107). As it now stands, however, the Court is unable to conclude, at this time, that the allegation fails to state a claim and that it should be dismissed.

The assertions involving defendant Williams' alleged refusal to treat plaintiff are different. Plaintiff contends that, when he moved away from the doctor during the examination, he was merely recoiling from the pain of having his back probed, whereas the doctor, seemingly, perceived that gesture as a refusal to be examined and to be treated. Further, the logical implication of defendant doctor's remark (i.e., that "[t]he only way that would hurt is if your back is broken") is that he was of the opinion that plaintiff was overreacting or feigning pain, since plaintiff's back was not broken. Moreover, defendant Hayes, in his response to plaintiff's grievance, invited plaintiff to sign up for sick call if he was still experiencing any medical issues or concerns. And though plaintiff claims that he is still in pain, he apparently has chosen not to seek treatment because he wants no contact with defendant Williams.[2]

---

[2] According to the complaint, plaintiff anticipates that, if he returns to the infirmary for treatment, Dr. Williams will say that he is not feeling pain, which he clearly

The Court simply does not see a constitutional violation here because there is no evidence of deliberate indifference. Defendant doctor did not disregard plaintiff's need for medical care, but began to examine him. *Farmer*, 511 U.S. at 835-36. (concluding that, by taking reasonable measures to abate the harm, a defendant avoids liability, even if the harm is not averted). And, though the examination was cut short, it remains that the defendant doctor did not ignore plaintiff's complaint of back pain but took a reasonable, though brief, step to address it. Plaintiff also received medical attention for his back at the Emergency room and, furthermore, medical care for plaintiff's back pain is still available—just a sick call away.

Similarly, Defendant Hayes has not committed a constitutional tort by failing to perform a more thorough investigation into the unfortunate incident complained of. There is no constitutional right to a grievance procedure. *LaFlame v. Montgomery County Sjheriff's Dept.*, 3 Fed.Appx. 346, *at 348, 2001 WL 111636, at *2 (6th Cir. Jan. 31, 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). And, no constitutional infringement occurs by the mere denial of a prisoner's grievance. *Alder v. Correctional Medical Services*, 73 Fed.Appx. 839, at *841, 2003 WL 22025373, at *2 (6th Cir. Aug. 27, 2003). By logical extension of these rulings, an allegation that a grievance has been improperly or inadequately investigated does not implicate the Constitution either. While

---

is feeling, that anyone on the medical staff who chooses to treat plaintiff will suffer retaliation, and that nothing will be done for plaintiff, since inmates cannot contest medical treatment in a grievance. Meanwhile, plaintiff suffers with continued physical pain, serious emotional stress, and anxiety.

a supervisor can be held liable if he plays an active role in the alleged misconduct, no liability attaches if he merely fails to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Therefore, plaintiff's allegations against defendant Hayes do not state a claim entitling him to relief under § 1983 and this defendant is **DISMISSED** from this lawsuit.

Accordingly, the Clerk is **DIRECTED** to send plaintiff a service packet for defendant Williams. (The packet contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date of date on this Order. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

When the completed service packet is received by the Clerk, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendant. Defendant is **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure. The only surviving claim is the one concerning the denial of medications prescribed by the E. R. doctor.

Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE